# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2021

Lyle W. Cayce
Clerk

No. 21-50243
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Nelson Omar Bernardez-Palacio,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-203-1

───────────

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Nelson Omar Bernardez-Palacio pleaded guilty to illegal reentry and now appeals his 46-month sentence of imprisonment. He argues the district court erred in applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(3)(B) for his New York attempted promoting prison contraband

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

conviction. Because Bernardez-Palacio did not object to the enhancement in the district court, our review is for plain error. *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). To show plain error, he must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Bernardez-Palacio acknowledges that if the sentence imposed on his New York prison contraband conviction was two years or more, the § 2L1.2(b)(3)(B) enhancement applies. He contends, however, that because he was sentenced to 18 months to three years for his New York conviction, the sentence imposed was 18 months or more rather than the requisite two years or more. His argument is contrary to the Guidelines, which provide that, for purposes of § 2L1.2, the sentence imposed is the stated maximum. *See* § 2L1.2(b)(3)(B) & comment. (n.2); U.S.S.G. § 4A1.2(b)(1) & comment. (n.2); *see also United States v. Enrique-Ascencio*, 857 F.3d 668, 672, 674 (5th Cir. 2017). Because the stated maximum sentence for his New York conviction was three years, Bernardez-Palacio cannot show the district court plainly erred in applying the enhancement. *See Puckett*, 556 U.S. at 135.

AFFIRMED.